**ORIG1NAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CLERK
US DISTRICT & BANKRUPTCY
COURTS

2008 FEB -8 PM 5: 35

RECEIVED

Gloria J. Ware                                    )
2514 Lorling Drive                                )
Forestville, MD  20747,                           )
                                                  )
              Plaintiff,                          )
                                                  )
       v.                                         )
                                                  )
Nicklin Associates, Inc.                          )
Washington Hospital Center                        )
110 Irving Street, NW                             )
Washington, DC 20010,                             )
       And                                        )
                                                  )
Stericyle, Inc.,                                  )
28161 N. Keith Drive                              )
Lake Forest, Illinois 60005                       )
       And                                        )
                                                  )
John Nicklin                                      )
Nicklin Associates, Inc.                          )
Washington Hospital Center                        )
110 Irving Street, NW                             )
Washington, DC 20010,                             )
       And                                        )
                                                  )
Scott Miller                                      )
Nicklin Associates, Inc.                          )
Washington Hospital Center                        )
110 Irving Street, NW                             )
Washington, DC 20010,                             )
       And                                        )
                                                  )
George Fox                                        )
Nicklin Associates, Inc.                          )
Washington Hospital Center                        )
110 Irving Street, NW                             )
Washington, DC 20010,                             )
       And                                        )

**FILED**

FEB - 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No.: _____

Case: 1:08-cv-00233
Assigned To : Walton, Reggie B.
Assign. Date : 2/8/2008
Description: Employ. Discrim.

JURY ACTION

WASHINGTON_DC/#4353.1

Curtis Patton                                   )
Nicklin Associates, Inc.                        )
Washington Hospital Center                      )
110 Irving Street, NW                           )
Washington, DC 20010,                           )
        And                                     )
                                                )
David LeBlanc,                                  )
Nicklin Associates, Inc.                        )
Washington Hospital Center                      )
110 Irving Street, NW                           )
Washington, DC 20010,                           )
                                                )
        Defendants.                             )
_____        )

## NOTICE OF REMOVAL

Defendant Stericycle, Inc. ("Stericycle"),[1] by its undersigned counsel, hereby gives

notice, pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446, that it has removed the

action, originally captioned Ware v. Nicklin Associates, Inc., Case No.: 0007673-07, filed in the

Superior Court for the District of Columbia (hereafter referred to as the "State Court Action"),

from the Circuit Court to the United States District Court for the District of Columbia.

### Statement of Grounds for Removal

For its Statement of Grounds for Removal, entitling Defendant to remove the State Court

Action to the United States District Court for the District of Columbia, Defendant states as

follows:

1.      Plaintiff brings causes of action under Title VII of the Civil Rights Act of 1964, a

law of the United States, codified as 42 U.S.C.A. § 2000e.

---

[1] The correct name of the Defendant is "Stericycle, Inc." In the Complaint, Plaintiff incorrectly named the
Defendant as "Stericycle Systems, Inc."

2.      On April 18, 2005, Plaintiff filed a charge with the Equal Employment Opportunity Commission, which on August 24, 2007, issued a Notice of Right to sue after completing an investigation.

3.      On November 19, 2007, Plaintiff filed a Complaint in the Superior Court for the District of Columbia alleging causes of action for employment discrimination and retaliation under Title VII, which Plaintiff served on Stericycle, Inc. on January 11, 2008.

4.      Removal is proper under 28 U.S.C. § 1441 et seq. because this Court has original jurisdiction under 28 U.S.C. § 1331 for this civil action arising under the laws of the United States.

5.      Stericycle hereby removes the State Court Action and submits this Notice, along with attachments, in accordance with 28 U.S.C. § 1446.

6.      Copies of the pleadings that have been provided to Stericycle in the State Court Action are attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a). These pleadings include: the Complaint and Second Motion for Time to Enlargement to Serve Defendants and Memorandum in Support. Stericycle will file within 30 days copies of any other papers that may be on file in the Circuit Court relating to the State Court Action.

7.      This Notice of Removal is filed timely within 30 days after receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," in compliance with 28 U.S.C. § 1446(b).

8.      Stericycle certifies that, pursuant to 28 U.S.C. § 1442(d), it will promptly mail a copy of this Notice of Removal by personal delivery to Ware's counsel and will file a copy of this Notice of Removal with the Clerk of the Superior Court for the District of Columbia,

Washington, DC, Maryland, thereby giving written notice of the filing of this Notice of Removal.

9.      All served defendants consent to this Removal.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1331, based on this civil action arising under the laws of the United States, and removal pursuant to 28 U.S.C. § 1441 et seq, is appropriate.


Respectfully submitted,


_____
Aileen Meyer      DC Bar No. 403452

Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037-1122
Office:  (202) 663-9227
Facsimile:  (202) 663-8007

*Attorney for Defendant Stericycle, Inc.*


_____
David M. Hernandez, D.C. Bar No. 473952

Vedder Price PC
875 15th Street, NW, Suite 725
Washington, DC 20005
Office:  (202) 312-3320
Facsimile:  (202) 312-3322

*Attorney for Defendant Stericycle, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2008, copies of the within Notice

of Removal were sent by personal delivery to: C. Michael Tarone, Karl & Tarone, 900 17th

Street, MW, Suite 1250, Washington, D.C. 20006, *Attorneys for Plaintiff Gloria J. Ware.*


_____
David M. Hernandez

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

Gloria Ware                              )
2514 Lorring Drive                       )
Forestville, MD 20747,                   )
                                         )
    Plaintiff,       )
                                         )
    v.               )
                                         )
Nicklin Associates, Inc.                 )
Washington Hospital Center               )
110 Irving Street, NW                    )
Washington, DC 20010,                    )
                                         )
    Serve: Registered Agent    )
      Managing Agent        )
                                         )
    And              )
                                         )
Stericycle Systems, Inc.                 )
28161 N. Keith Drive                     )
Lake Forest, Illinois 60005,             )
                                         )
    Serve: Registered Agent    )
      Managing Agent        )
                                         )
    And              )
                                         )
John Nicklin                             )
Nicklin Associates, Inc.                 )
Washington Hospital Center               )
110 Irving Street, NW                    )
Washington, DC 20010,                    )
                                         )
    And              )
                                         )
Scott Miller                             )
Nicklin Associates, Inc.                 )
Washington Hospital Center               )
110 Irving Street, NW                    )
Washington, DC 20010,                    )
                                         )
    And              )

RECEIVED
Civil Clerk's Office
NOV 1 9 2007,
Superior Court of the
District of Columbia
Washington, D.C.

Case No. _____ 0007673-07

Demand Trial By Jury

08-233

**FILED**

FEB - 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT

**A**

George Fox )
Nicklin Associates, Inc. )
Washington Hospital Center )
110 Irving Street, NW )
Washington, DC 20010, )
)
     And )
)
Curtis Patton )
Nicklin Associates, Inc. )
Washington Hospital Center )
110 Irving Street, NW )
Washington, DC 20010, )
)
     And )
)
David LeBlanc )
Nicklin Associates, Inc. )
Washington Hospital Center )
110 Irving Street, NW )
Washington, DC 20010, )
)
     Defendants. )

## COMPLAINT

(For Damages under the DCHRA and Title VII and DC Common Law)

### Parties and Jurisdiction

1.    Plaintiff Gloria Ware is a citizen of Maryland.

2.    Defendant Nicklin Associates, Inc. (also referred to herein as "company") is the former employer of Gloria Ware. It is a New York corporation.

3.    Defendant Stericycle Systems, Inc. is a Delaware corporation and it is the successor in interest to Nicklin Associates, Inc. and, alternatively, the former employer of Ware.

Unless otherwise stated herein, employer means Nicklin Associates, Inc. and Stericycle Systems, Inc. and "company" includes both Nicklin Associates, Inc. and Stericycle Systems, Inc. The company maintains a place of business in the District of Columbia.

4.    Defendant Curtis Patton was at times relevant here the Director of Operations of Nicklin Associates, Inc.

5.    Defendant George Fox is an agent, representative and employee of the company. He is a citizen of Maryland.

6.    Defendant David LeBlanc was at times relevant her the president of Nicklin Associates, Inc .

7.    Defendant John Nicklin was at times relevant here V.P. of Nicklin Associates, Inc. and he is a citizen of Maryland.

8.    Plaintiff invokes this court's jurisdiction under DC law. The acts complained of here took place in the District of Columbia, Plaintiff worked in the District of Columbia and Defendants' place of business was and continues to be located in the District of Columbia. This Court has subject matter jurisdiction over the claims asserted herein.

### Factual Background

9.    Ware filed a charge with the EEOC, which is Charge No. 100-2005-00588 on 3/9/05 and that claim was cross-filed with the DC Office of Human Rights.

10.    In July 2003, Ware was hired by the company as a secretary on a part-time basis and paid at any hourly rate.

11.    In December 2003, Ware was promoted to Account Manager when Wilford Carroll was released and she assumed his duties and responsibilities.

12.    In December 2003, Ware's duties included timekeeping and invoicing customers, establishing new accounts, IT trouble shooting, data entry of new client information and the job required technical knowhow. Ware trained new employees to enter information in the data base regarding waste disposal.

13.    In early 2004, Ware was promoted to Office Manager and she continued to perform the duties of Account Manager. The net effect was more work for Ware.

14.    In late 2004, while the company was engaged in unionization of its workforce, Ware was assigned additional duties and responsibilities of the Transportation Manager position. When Keith Still left the company, his work was assigned to Ware. Ware, however, did not drive a waste disposal truck. The Transportation Manager duties were added to her then existing duties.

15.    As of later 2004, Ware was holding the job positions and duties of Office Manager and Transportation Manager. Previously two full-time workers had held those positions.

16.    Contemporaneous with the filing of a charge of discrimination, Ware told coworkers that she was filing an EEOC charge before doing so.

17.    Company management knew or should have known that she had filed a charge of discrimination upon her doing so, and contemporaneous with the filing of a charge of discrimination.

18.    Defendant John Nicklin knew that Ware had filed a charge of discrimination shortly after her doing so, and contemporaneous with the filing of a charge of discrimination.

19.    At the time the company had shift managers and a shop steward.

20.    Ware was fired on Monday, April 18, 2005, soon after the company opened for

business that day

21.    On the day the company terminated Ware, she had a clean personnel record. She had no verbal or written notices of performance deficiencies or warnings had been issued against her. And at that time, her supervisor was John Nicklin. Her supervisor was not Curtis Patton.

22.    On the day she was fired, and at times proximate thereto, Ware was not subject to, or on notice of the existence of a policy, that required Ware to submit a written explanation from a doctor or healthcare provider that justified and substantiated her absence from work for medical reasons.

23.    On Monday, April 18, 2005, Ware had just returned to work after being absent for one and one-half days (1.5 days) due to medical reasons. She had been out of work for half a day on Thursday, April 14, 2005, and a full day on Friday, April 15, 2005.

24.    On Monday, April 18, 2005, Ware reported for work at the opening of business. On that day, the company knew and had reason to know that Ware had filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in the weeks previous to that time.

25.    On the morning of April 18, 2007, Curtis Patton, also a manager and at the same level as Ware, demanded that she produce a written explanation for her absence from work for one and one-half days the previous week. Patton, who was a co-manager, thereby asserted a new company policy for Ware and proclaimed a condition of employment that had never previously been claimed applicable to her.

26.    Ware was fired that morning by Patton.

27.    Later that same day, John Nicklin came to the company's office and she was given

Page 5 of 11

John Nicklin's purported reasons for the firing. The alleged justification was false and a pretext to retaliation and unlawful termination on the basis of discrimination and in violation of public policy.

18.    In the evening of April 18, 2005, John Nichlin telephoned Ware at home and in that conversation he made the admission that he had had prior knowledge – prior to the firing for pre-textual reasons – that she had filed a charge of discrimination with the EEOC. This admission is binding on the company as a matter of law.

29.    At the workplace, John Nicklin routinely referred to black workers in racist slurs and made racist references.

30.    Ware made many requests of John Nicklin to not use racially derogatory words, to refrain from creating an abusive and racially charged and hostile work environment. Ware's requests and objections were rejected by John Nicklin.

31.    David LeBlanc, another principal in the company, also directly participated in use of racially derogatory words and creation of an abusive and racially charged and hostile work environment. Defendants herein aided and abetted the unlawful acts of discrimination. Entities and persons conspired to commit the acts complained of here outside the inter-corporate conspiracy doctrine. For these reasons, Defendants are jointly and severally liable.

32.    John Nicklin knew that Ware had knowledge of a fraudulent billing and invoicing scheme used as a matter of course whereby the company y regularly billed its customer hospitals, such as Washington Hospital Center, for medical waste disposal hauling and disposal that was false. This unlawful conduct was prohibited by federal law, and the medical waste disposal activities were subject to the regulation of the U.S. Environmental Protection Agency.

33. Ware was issued a right to sue letter by the EEOC under a letter date stamped August 24, 2007, and therefore this action is timely under the 90-day filing rule. Ware was given the right to also pursue here remedies in court by the D.C. Office of Human Rights. At this time there are no pending claims by Ware before an administrative agency action for discrimination.

## COUNT I

### (Discrimination Under the DCHRA)

34. Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 36 above.

35. Plaintiff asserts claims against the defendants herein jointly and severally, for unlawful discrimination on the basis of race, age, and sex in the terms and conditions of employment, in violation of the DCHRA.

36. Defendants committed the acts complained of here knowingly and intentionally and with a reckless disregard for the protected rights of Plaintiff under law and for that reason are liable for punitive damages.

## COUNT II

### (Discrimination Title VII)

37. Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 38 above.

38. Plaintiff asserts claims against the defendants herein jointly and severally, for unlawful discrimination on the basis of race, age, and sex in the terms and conditions of employment, in violation of Title VII.

39. Defendants committed the acts complained of here knowingly and intentionally

and with a reckless disregard for the protected rights of Plaintiff under law and for that reason are liable for punitive damages.

## COUNT III

### (Retaliation Under the DCHRA)

40.     Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 39 above.

41.     Plaintiff asserts claims against the defendants herein jointly and severally, for unlawful retaliation for having engaged in protected activity suffering an adverse employment action as a direct result thereof violation of the DCHRA.

42.     Defendants committed the acts complained of here knowingly and intentionally and with a reckless disregard for the protected rights of Plaintiff under law and for that reason are liable for punitive damages.

## COUNT IV

### (Retaliation Under the Title)

43.     Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 42 above.

44.     Plaintiff asserts claims against the defendants herein jointly and severally, for unlawful retaliation for having engaged in protected activity suffering an adverse employment action as a direct result thereof violation of Title.

45.     Defendants committed the acts complained of here knowingly and intentionally and with a reckless disregard for the protected rights of Plaintiff under law and for that reason are liable for punitive damages.

## COUNT V

(Wrongful Termination)

46.    Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 45 above.

47.    Plaintiff was terminated for unlawful reasons in violation of public policy, due to her knowledge of and causal connection to fraudulent billing practices of the company that violated federal and District of Columbia law. Plaintiff asserts rights as a whistle-blower.

48.    Defendants committed the acts complained of here knowingly and intentionally and with a reckless disregard for the protected rights of Plaintiff under law and for that reason are liable for punitive damages.

Wherefore, Plaintiff prays for judgment against Defendants herein as follows:

A.    Against Defendants jointly and severally under the DCHRA, and the individuals named as Defendants in their personal and official capacities for aiding and abetting violations of the DCHRA, for the award of compensatory of $ 1 Million and punitive damages of $1 Million and award of reasonable attorney's fees and costs under the DCHRA.

B.    Against Defendant company under Title VII for the award of compensatory damages of $300, 000 and punitive damages of $300, 000 and the award of reasonable attorney's fees and costs under federal law.

C.    Against the successor in interest to the company, under applicable successor law, for all liability jointly and severally with the company under the DCHRA and Title VII and for the award of compensatory and punitive damages and award of reasonable attorney's fees and costs.

D.      Plaintiff requests back pay, front pay, reinstatement and injunctive relief baring Defendants from future violations.

E.      Plaintiff requests $1 Million in compensatory damages and $ Million in punitive damages under the common law for wrongful termination.

Respectfully submitted,

November 19, 2007                      /s/ C. Michael Tarone
                                       C. Michael Tarone, Esquire

                                       C. Michael Tarone, Esquire
                                       Bar No. 159228
                                       Karl & Tarone
                                       900 17th Street, NW, Suite 1250
                                       Washington, D.C. 20006
                                       (202) 293-3200

                                       Counsel for Plaintiff
                                       GLORIA WARE

## JURY DEMAND

Plaintiff herein hereby demands trail by jury on all issues so triable as a matter of law.

                                       /s/ C. Michael Tarone
                                       C. Michael Tarone

                                       C. Michael Tarone

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| Gloria Jean Ware | ) |
| 2514 Lorring Drive | ) |
| Forestville, MD 20747 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Nicklin Associates, Inc. et al. | ) |
| | ) |
| Defendants | ) |

Case No. 2007 CA 007673 B

Next Event: 2-22-08
Initial Conference

(Judge Brook Hedge)

## SECOND MOTION FOR TIME ENLARGEMENT TO
## SERVE DEFENDANTS, AND MEMORANDUM IN SUPPORT

Plaintiff Ware seeks an additional 60 days to perfect service of the Summons and

Complaint, under this second motion for good cause shown, under Rule 6(b)(2) and 4(m), which

sets a 60-day deadline from the filing of the Complaint. The first motion was filed on 1-9-08.

1.  The Summons and Complaint was served on Defendant corporations on Friday,

    1-11-08. Proof of service on the corporations is attached.

2.  The Complaint was filed on November 15, 2007.

3.  The Initial conference is scheduled for 2-22-08 and Plaintiff asks that it be

    rescheduled.

4.  Good residential addresses for each of the Defendants cannot be located at this

    time.

5.  The holidays of Thanksgiving and Christmas and New Years fell after the

    Complaint was filed.

6.    Counsel for Plaintiffs underwent surgery at Sibley Hospital on 12-2-07 and recuperation at home and since that time, have interfered with the normal brisk schedule of counsel, who litigates cases before this Court and the federal court in DC.

7.    Diligent efforts are being made to serve the five individual Defendants.

8.    For good cause shown, and in light of the progress being made in serving all Defendants, Plaintiff moves for time relief of an additional 60 days and the postponement of the initial conference in this matter.

9.    There are seven (7) Defendants, five (5) are individuals and two (2) are corporations.

WHEREFORE, Plaintiff requests that this motion be granted for good cause shown.

Respectfully submitted,

Dated: January 14, 2008                     s
                                            C. Michael Tarone, D.C. Bar # 159228
                                            Karl & Tarone
                                            900 17th Street, NW, Suite 1250
                                            Washington, DC 20006
                                            Tel. (202) 293-3200
                                            Fax (202)429-1851

                                            Counsel for Plaintiff
                                            GLORIA WARE

Attachments

### Certificate of Service

I, C. Michael Tarone, hereby certify that on 1-15-08 I served a copy of the foregoing on the parties identified in the Complaint, none of whom have been served, by first class mail, postage prepaid, and by electronic filing, as follows:

Nicklin Associates, Inc.
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

Stericycle Systems, Inc.
28161 N. Keith Drive
Lake Forest, IL 60005

John Nicklin
Nicklin Associates, Inc.
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

Scott Miller
Nicklin Associates, Inc.
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

George Fox
Nicklin Associates, Inc.
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

Curtis Patton
Nicklin Associates, Inc.
Washington Hospital Center

Page 3 of 7

110 Irving Street, NW
Washington, DC 20010

David LeBlanc
Nicklin Associates, Inc
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

s/ C. Michael Tarone
C. Michael Tarone

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL

Gloria Ware

vs.

Nicklin Associates, Inc., et al.

No. 2007CA0076735

AFFIDAVIT OF SERVICE

to wit: Washington, DC

I, DANIEL F. FORTNOY, served Stericycle Systems, Inc. c/o CT Corporation System, Registered Agent the Initial Order, Addendum To Initial Order, Summons and Complaint in the above entitled case, hereby depose and say:

That my date of birth is 11-25-1971.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009-5526 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 3:57 pm on January 11, 2008, I served the Initial Order, Addendum To Initial Order, Summons and Complaint on Stericycle Systems, Inc. c/o CT Corporation System, Registered Agent at 1015 15th Street, NW, Suite 1000, Washington, DC 20005 by serving Louis Lance, Fulfillment Specialist, authorized to accept. Described herein:

```
    SEX-   MALE
    AGE-   40
 HEIGHT-   5'9"
   HAIR-   BLACK
 WEIGHT-   165
   RACE-   BLACK
```

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

DANIEL F. FORTNOY
Our File#- 199991

SUBSCRIBED and SWORN to before me this 11th day of Jan. , 2008.

Angela K. Croson
Notary Public

My commission expires: 03-31-09

Correspondence File
Client: Ware
Date: 1-11-08

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL

Gloria Ware

vs.

Nicklin Associates, Inc., et al.

No. 2007CA007673B

AFFIDAVIT OF SERVICE

to wit: Washington, DC

I, DANIEL F. PORTNOY, served Nicklin Associates, Inc. c/o CT Corporation System, Registered Agent the Initial Order, Addendum To Initial Order, Summons and Complaint in the above entitled case, hereby depose and say:

That my date of birth is 11-26-197.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009-5526 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 3:57 pm on January 11, 2008, I served the Initial Order, Addendum To Initial Order, Summons and Complaint on Nicklin Associates, Inc. c/o CT Corporation System, Registered Agent at 1015 15th Street, NW, Suite 1000, Washington, DC 20005 by serving Louis Lance, Fulfillment Specialist, authorized to accept.  Described herein:

```
   SEX-  MALE
   AGE-  40
HEIGHT-  5'9"
  HAIR-  BLACK
WEIGHT-  165
  RACE-  BLACK
```

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

DANIEL F. PORTNOY
Our File#- 199990

SUBSCRIBED and SWORN to before me this 11th day of Jan., 2008.

My commission expires: 03-31-09

Notary Public

Correspondence File
Client: Ware
Date: 1-11-08

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| Gloria Jean Ware<br>2514 Leeming Drive<br>Forestville, MD 20747 | Case No. 2007 CA 007673 B |
| Plaintiff, | Next Event: 2/22/08<br>Initial Conference |
| | (Judge Brook Hedge) |
| Nicklin Associates, Inc., et al. | |
| Defendants. | |

## ORDER

UPON consideration of the Second Motion for Time Enlargement to Serve Summons and

Complaint on Defendants, the lack of opposition hereto and the entire record herein, it is this

_____ day of January 2008 hereby

ORDERED that motion is granted for good cause shown; and it is

FURTHER ORDERED that Plaintiff is granted an additional 60 days under Rule 4(m) to

perfect service on Defendants and the Initial Conference of 2/22/08 will be reset by the Clerk of

Court.

SO ORDERED.


_____
Judge Brook Hedge
Associate Judge


Copies to: See Next page
C. Michael Tarone, Esquire
Tarone & McLaughlin

900 17th Street, NW
Suite 1250
Washington, DC 20005

Nicklin Associates, Inc.
Westington Hospital Center
110 Irving Street, NW
Washington, DC 20010

    Serve: Registered Agent
        Managing Agent

Stericycle Systems, Inc.
28161 N. Keith Drive
Lake Forest, IL 60005.

    Serve: Registered Agent
        Managing Agent

John Nicklin
Nicklin Associates, Inc.
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

Scott Miller
Nicklin Associates, Inc.
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

George Fox
Nicklin Associates, Inc.
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

Curtis Patton
Nicklin Associates, Inc.
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

David LeBlanc

Page 6 of 7

Nicklin Associates, Inc
Washington Hospital Center
110 Irving Street, NW
Washington, DC 20010

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Gloria Jean Ware | Nicklin Associates, Inc., Stericycle, Inc., John Nicklin, Scott Miller, George Fox, Curtis Patton, and David LeBlanc |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Prince George's___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Washington, DC___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

C. Michael Tarone, Karl & Tarone
900 17th Street NW, Suite 1250
Washington, DC 20006
(202) 293-3200

Case: 1:08-cv-00233
Assigned To : Walton, Reggie B.
Assign. Date : 2/8/2008
Description: Employ. Discrim.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ **A.** *Antitrust* | ○ **B.** *Personal Injury/ Malpractice* | ○ **C.** *Administrative Agency Review* | ○ **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff))<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ **E.** *General Civil (Other)* | **OR** | ○ **F.** *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| O **G. Habeas Corpus/ 2255** | ⊘ **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | O **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding  ⊙ 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff's cause of action stems from Title VII of the Civil Rights Act of 1964, 42 USCA Sec. 2000e

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND:  YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 2/8/2008    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Gloria J. Ware_
Plaintiff

v.                                    Civil Action No. _08-233_

**FEB 0 8 2008**

_Nicklin Associates, Inc._ _et al_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **WALTON, J. RBW**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: _C. Michael Tarone_
    _Nicklin Assoc._
    _John Nicklin_
    _Scott Miller_
    _George Fox_
    _Curtis Patton_
    _David LeBlanc_

929A
Rev. 7/02