CLERK
US DISTRICT & BANKRUPTCY
COURT

2008 FEB 19 PM 4: 45 IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

GLORIA J. WARE,

           Plaintiff,

v.

NICKLIN     ASSOCIATES,    INC.,
STERICYCLE, INC., JOHN NICKLIN,
SCOTT MILLER, GEORGE FOX, CURTIS
PATTON, and DAVID LeBLANC,

           Defendants.

No. 08-CV-233 (RBW)

## DEFENDANT STERICYCLE, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendant Stericycle, Inc. ("Stericycle"), improperly named in Plaintiff's complaint as Stericycle Systems, Inc., respectfully moves for summary judgment on Plaintiff's complaint, as there is no genuine issue of material fact that Stericycle is improperly named as a defendant in this action. Plaintiff has pled no facts establishing direct liability against Stericycle, and thus Stericycle is entitled to judgment as a matter of law. Additionally, Stericycle is not a successor-in-interest to Nicklin Associates, Inc., and thus is entitled to judgment as a matter of law.

In support of its Motion, and in compliance with Local Rule 56.1, Stericycle submits (i) a Statement of Undisputed Material Facts, (ii) a Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment, (iii) an Appendix, and (iv) a Proposed Order.

Respectfully submitted,
STERICYCLE, INC.

By: _____

Aileen Meyer, DC Bar No. 403452

Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC  20037-1122
Office:  (202) 663-9227
Facsimile:  (202) 663-8007

*Attorney for Defendant Stericycle, Inc.*

By: _____

David M. Hernandez, DC Bar No. 473952

Vedder  Price P.C.
875 15th Street, NW, Suite 725
Washington, DC 20005
Office:  (202) 312-3320
Facsimile:  (202) 312-3322
E-mail:  dhernandez@vedderprice.com

*Attorney for Defendant Stericycle, Inc.*

Dated: February 19, 2008

2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Defendant Stericycle, Inc.'s Motion for Summary Judgment was filed and served by U.S. Postal Certified Mail (return receipt requested) and electronic mail to the below listed individuals on this 19th day of February, 2008.

C. Michael Tarone                    Martin F. Cadogan
Karl & Tarone                        Law Offices of Arnold M. Weiner
900 17th Street, NW, Suite 1250      2002 Clipper Park Road, Unit 108
Washington, DC 20006                 Baltimore, Maryland 21211
cmtarone@aol.com                     mcadogan@wwlawoffice.com


_____
David M. Hernandez

CHICAGO/#1747360.1
32669.00.0078

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA J. WARE, | |
| Plaintiff, | |
| v. | No. 08-CV-233 (RBW) |
| NICKLIN ASSOCIATES, INC., STERICYCLE, INC., JOHN NICKLIN, SCOTT MILLER, GEORGE FOX, CURTIS PATTON, and DAVID LeBLANC, | |
| Defendants. | |

## DEFENDANT STERICYCLE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Stericycle, Inc. ("Stericycle"), improperly named in Plaintiff's Complaint as Stericycle Systems, Inc., by its attorneys, respectfully moves for summary judgment on all of Plaintiff's claims because it is improperly named as a defendant in this lawsuit.

### I.    INTRODUCTION

From July 2003 until April 2005, Plaintiff was employed by Nicklin Associates, Inc. ("Nicklin Associates") (Facts ¶¶ 3, 6-7).  She claims that her employment at Nicklin Associates was terminated because of her race, sex, and age (the latter was never alleged in her charge filed with the Equal Employment Opportunity Commission ("EEOC")) and in retaliation for complaining about discrimination, alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the District of Columbia Human Rights Act ("DCHRA").  In addition, Plaintiff also claims that she was wrongfully terminated for reporting fraud.

At the time all of these alleged wrongs occurred, Stericycle was not Plaintiff's employer. Indeed, Stericycle had no involvement whatsoever with Nicklin Associates until five months after Plaintiff's discharge, when it acquired Nicklin Associates' stock.  (Facts ¶ 8)  Even after the

stock purchase, Nicklin Associates has remained a separately incorporated entity, capable of providing Plaintiff relief, if ultimately she is entitled to any.  (Facts ¶ 12)  Consequently, Stericycle's inclusion as a defendant is unnecessary and unwarranted, and its motion for summary judgment should be granted and judgment entered against Plaintiff.

## II.     ARGUMENT

### A.     Applicable Legal Standards

#### 1.     The Summary Judgment Standard

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  <u>Taylor v. Small</u>, 350 F.3d 1286, 1290 (D.C. Cir. 2003).  A genuine issue of material fact exists only if a reasonable party could return a verdict for the nonmoving party.  <u>Id</u>, citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  Stated another way, the moving party is entitled to summary judgment if the nonmoving party fails to make a showing essential to its case on which it would carry the burden at trial.  <u>Id</u>, citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  In this case, Plaintiff cannot prove any facts to show that Stericycle is appropriately pled as a defendant.

#### 2.     Interpretation of the DCHRA is Contemporaneous with Title VII of the Civil Rights Act of 1964

This court has recognized that legal standards under the DCHRA are largely the same as those under Title VII of the Civil Rights Act of 1964.  <u>See, e.g.</u>, <u>Dickerson v SecTek, Inc.</u>, 238 F.Supp.2d 66, 73 (D.D.C. 2002).  Indeed, the D.C. Court of Appeals recognizes that decisions of federal courts regarding Title VII are "very persuasive authority" for interpreting the DCHRA. <u>Daka, Inc. v. Breiner</u>, 711 A.2d 86, 94 (D.C. 1998) (collecting cases).  In deciding whether Stericycle is appropriately named as a defendant, the standards utilized by federal courts under Title VII are also applicable to the issue under the DCHRA.

2

**B.      Stericycle Is Improperly Named as a Defendant**

Despite the fact that Plaintiff was never employed by Stericycle, nor did any Stericycle officers, employees, or agents take action against her during her employment with Nicklin Associates, she has nevertheless pled Stericycle as a defendant.

In determining whether a purchaser is liable for the acts of its predecessor, courts identify the two most important factors as (1) whether the successor company had notice of the charge or lawsuit prior to acquiring the business or assets of the predecessor and (2) the ability of the predecessor to provide relief to the plaintiff, if any is warranted. Rojas v. TK Communications, Inc., 87 F.3d 745, 750 (5th Cir. 1996).

In Rojas, an employee filed a charge of discrimination about a year before the successor's purchase of the predecessor, for events that occurred before the successor owned the predecessor or exerted any control over the individuals alleged of discrimination. The successor filed a motion for summary judgment, arguing it was improperly included in the lawsuit. In affirming the lower court's grant of summary judgment in favor of the successor, the U.S. Court of Appeals for the Fifth Circuit observed that even though the successor was on notice of the plaintiff's pending claim at the time of purchase, the purpose of the successor doctrine -- to protect an employee when ownership of her employer suddenly changes -- would not be served by imposing liability on the successor.

The Rojas court accordingly held that "it would be unjust to impose liability on [the successor] for the mere purpose of enhancing [plaintiff's] ability to collect a money judgment." Id. at 750. This analysis was adopted by the EEOC in its policy and compliance guidance, which remarks, "Generally, the successor can only be held liable if it had notice of the charge *and* the predecessor is unable to provide relief." See EEOC Compliance Manual § 2-III(B)(3)(b) (2006) (emphasis in original).

3

The instant case is factually similar and lends itself to a similar analysis. Indeed, Nicklin Associates continues to exist. The transaction between Nicklin Associates and Stericycle was a stock purchase, and thus, Nicklin Associates continues to be a separately incorporated entity. (Facts ¶¶ 8, 12)  As a result, Stericycle need not remain in the case to provide relief, if any is ordered.  Moreover, Stericycle has already paid the principals of Nicklin Associates, John Nicklin and David LeBlanc, sums in excess of the aggregate amount of all averments set forth in Plaintiff's prayer for relief. (Facts ¶ 11)  In addition, Stericycle also issued notes to Nicklin and LeBlanc pursuant to the stock purchase agreement which also exceed the aggregate amount of all averments in Plaintiff's prayer for relief.  (Facts ¶ 11)  Nicklin Associates' ability to pay a judgment is further evidenced by its agreement to indemnify Stericycle for third party claims, including the instant proceeding involving Plaintiff. (Facts ¶ 10)

This Court has only had a single occasion to consider the successor-in-interest doctrine under Title VII, Bondy v. Humana, Inc., 1996 WL 294245 (D.D.C. May 29, 1996). The decision in Bondy is distinguishable from the circumstances at hand.  In Bondy, plaintiff filed an EEOC charge against his employer, the predecessor.  Two years later, after the successor acquired his employer, the plaintiff filed suit against the predecessor and successor employers.  The successor moved the court to dismiss the complaint allegations against it.  The court declined to do so, reasoning that the successor presented no evidence to support its motion, such as proof that the predecessor could provide relief to the plaintiff.

The facts at hand are quite different from those in Bondy.  Here, Stericycle has proven that Nicklin Associates has the financial resources to provide relief, facts that were never presented or argued by the successor in Bondy.

In short, Stericycle has shown that Nicklin Associates -- the party responsible for the alleged discriminatory and/or otherwise illegal acts -- properly stands alone in this proceeding. In the event that a trier of fact determines Plaintiff was wronged, Stericycle's presence is unnecessary to ensure that she receives justice.

WHEREFORE, Defendant Stericycle, Inc. respectfully requests that summary judgment be entered in its favor and against Plaintiff on all counts in her complaint.

Respectfully submitted,
STERICYCLE, INC.

By: _____
Aileen Meyer, DC Bar No. 403452

Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037-1122
Office: (202) 663-9227
Facsimile: (202) 663-8007

*Attorney for Defendant Stericycle, Inc.*

By: _____
David M. Hernandez, DC Bar No. 473952

Vedder Price P.C.
875 15th Street, NW, Suite 725
Washington, DC 20005
Office: (202) 312-3320
Facsimile: (202) 312-3322
E-mail: dhernandez@vedderprice.com

*Attorney for Defendant Stericycle, Inc.*

Dated: February 19, 2008

5

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Defendant Stericycle, Inc.'s Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment was filed and served by U.S. Postal Certified Mail (return receipt requested) and electronic mail to the below listed individuals on this 19th day of February, 2008.

C. Michael Tarone
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC 20006
cmtarone@aol.com

Martin F. Cadogan
Law Offices of Arnold M. Weiner
2002 Clipper Park Road, Unit 108
Baltimore, Maryland 21211
mcadogan@wwlawoffice.com

David M. Hernandez

CHICAGO/#1747360.1
32669.00.0078

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLORIA J. WARE,

       Plaintiff,

v.

NICKLIN ASSOCIATES, INC., STERICYCLE, INC., JOHN NICKLIN, SCOTT MILLER, GEORGE FOX, CURTIS PATTON, and DAVID LeBLANC,

       Defendants.

No. 08-CV-233 (RBW)

## DEFENDANT STERICYCLE, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant, Stericycle, Inc. ("Stericycle"), by its attorneys and pursuant to Local Rule 56.1, submits the following Statement of Undisputed Material Facts in support of its Motion for Summary Judgment:

1.     Stericycle is a Delaware corporation, engaged primarily in the business of medical waste collection and disposal. (Matthei Aff. ¶ 1)

2.     Nicklin Associates, Inc. ("Nicklin Associates") is a New York corporation primarily engaged in the business of medical waste disposal. (Matthei Aff. ¶ 4)

3.     At all times relevant to this matter, Plaintiff was an employee of Nicklin Associates. (Complaint ¶¶ 10-20)

4.     Four of the individual defendants identified in this action, John Nicklin, George Fox, Curtis Patton, and David LeBlanc, were principals, agents, or employees of Nicklin Associates at the times relevant to the factual allegations of Plaintiff's complaint, which range from 2003 until April 2005. (Matthei Aff. ¶¶ 6, 7)

5.     Scott Miller was a consultant to Nicklin Associates at the times relevant to the factual allegations of Plaintiff's complaint and had no connection to Stericycle. (Matthei Aff. ¶¶ 6, 7)

6.     Nicklin Associates hired Plaintiff in July 2003. (Complaint ¶ 10)

7.     Nicklin Associates discharged Plaintiff on April 18, 2005. (Complaint ¶ 20)

8.     Stericycle purchased the stock of Nicklin Associates on September 16, 2005, approximately five months after Plaintiff's termination. (Matthei Aff. ¶ 8)

9.     The terms of the purchase were set forth in a stock purchase agreement. (Matthei Aff. ¶ 9)

10.     The stock purchase agreement provides that Nicklin Associates and its principals will indemnify Stericycle for any third party claims that arose prior to the purchase, including Plaintiff's claim. (Matthei Aff. ¶ 10)

11.     The amount that Stericycle has already paid under the terms of the stock purchase agreement to the principals of Nicklin Associates, John Nicklin and David LeBlanc, and the additional amount it issued in notes to Nicklin and LeBlanc pursuant to the terms of the stock purchase agreement, both exceed the aggregate amount of all averments set forth in Plaintiff's prayer for relief. (Matthei Aff. ¶ 11)

12.     Nicklin Associates continues to exist as a corporate entity, incorporated in the State of New York. (Matthei Aff. ¶ 12)

Respectfully submitted,
STERICYCLE, INC.

By: _____

Aileen Meyer, DC Bar No. 403452

Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037-1122
Office: (202) 663-9227
Facsimile: (202) 663-8007

*Attorney for Defendant Stericycle, Inc.*

By: _____

David M. Hernandez, DC Bar No. 473982

Vedder Price P.C.
875 15th Street, NW, Suite 725
Washington, DC 20005
Office: (202) 312-3320
Facsimile: (202) 312-3322
E-mail: dhernandez@vedderprice.com

*Attorney for Defendant Stericycle, Inc.*

Dated: February 19, 2008

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Defendant Stericycle, Inc.'s Statement of Undisputed Material Facts was filed and served by U.S. Postal Certified Mail (return receipt requested) and electronic mail to the below listed individuals on this 19th day of February, 2008.

| | |
|---|---|
| C. Michael Tarone | Martin F. Cadogan |
| Karl & Tarone | Law Offices of Arnold M. Weiner |
| 900 17th Street, NW, Suite 1250 | 2002 Clipper Park Road, Unit 108 |
| Washington, DC 20006 | Baltimore, Maryland 21211 |
| cmtarone@aol.com | mcadogan@wwlawoffice.com |

David M. Hernandez

CHICAGO/#1747360.1
32669.00.0078

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLORIA J. WARE,

       Plaintiff,

v.

NICKLIN    ASSOCIATES,    INC.,
STERICYCLE,   INC.,   JOHN   NICKLIN,
SCOTT MILLER, GEORGE FOX, CURTIS
PATTON, and DAVID LeBLANC,

       Defendants.

No.  08-CV-233  (RBW)

## APPENDIX TO DEFENDANT STERICYCLE, INC.'S MATERIALS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**DOCUMENT**

**TAB**

**Affidavit of John Matthei**................................................................................**1**

Respectfully submitted,
STERICYCLE, INC.

By: _____
Aileen Meyer, DC Bar No. 403452

Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC  20037-1122
Office:  (202) 663-9227
Facsimile:  (202) 663-8007

*Attorney for Defendant Stericycle, Inc.*

# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLORIA J. WARE,

        Plaintiff,

v.

No._____

NICKLIN ASSOCIATES, INC.,
STERICYCLE, INC., JOHN NICKLIN,
SCOTT MILLER, GEORGE FOX, CURTIS
PATTON, and DAVID LeBLANC,

        Defendants.

## AFFIDAVIT OF JOHN MATTHEI

John Matthei, having first been duly sworn on oath, deposes and states as follows on personal knowledge:

1.     Stericycle, Inc. ("Stericycle") is a Delaware corporation, engaged primarily in the business of medical waste collection and disposal.

2.     At all times relevant to this matter, I was employed as Stericycle's Vice President of Human Resources.

3.     As Stericycle's Vice President of Human Resources, I have a broad knowledge of Stericycle's business operations, including the labor and employment implications of mergers and acquisitions.

4.     Nicklin Associates, Inc. ("Nicklin Associates") is a New York corporation primarily engaged in the business of medical waste disposal.

5.     Prior to September 2005, Stericycle had no ownership interest in or control over Nicklin Associates.

6.     At the times relevant to the factual allegations of Plaintiff's complaint, which range from 2003 until April 2005, Stericycle had no ownership interest in Nicklin Associates.

7.     At the times relevant to the factual allegations of Plaintiff's complaint, which range from 2003 until April 2005, John Nicklin, George Fox, Curtis Patton, and David LeBlanc were principals, agents, or employees of Nicklin Associates, and had no connection with Stericycle. Scott Miller was a consultant to Nicklin Associates and had no connection with Stericycle.

8.     Stericycle purchased the stock of Nicklin Associates on September 16, 2005, approximately five months after Plaintiff's termination.

9.     The terms of the purchase were set forth in a stock purchase agreement.

10.     The stock purchase agreement provides that Nicklin Associates and its principals will indemnify Stericycle for any third party claims that arose prior to the purchase, including Plaintiff's claim.

11.     The amount that Stericycle has already paid under the terms of the stock purchase agreement to the principals of Nicklin Associates, John Nicklin and David LeBlanc, and the additional amount it issued in notes to Nicklin and LeBlanc pursuant to the terms of the stock purchase agreement, both exceed the aggregate amount of all averments set forth in Plaintiff's prayer for relief.

12.     Nicklin Associates continues to exist as a separate corporate entity, incorporated in the State of New York.

**CONTINUED ON NEXT PAGE.   THIS SPACE INTENTIONALLY LEFT BLANK.**

FURTHER AFFIANT SAYETH NOT.

JOHN MATTHEI

SUBSCRIBED AND SWORN TO before me
this _19_ day of _FEBRUARY_, 2008:

NOTARY PUBLIC

OFFICIAL SEAL
DONNA M GEIGLER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/03/08

3

By: _____

David M. Hernandez, DC Bar No. 473952

Vedder Price P.C.
875 15th Street, NW, Suite 725
Washington, DC 20005
Office: (202) 312-3320
Facsimile: (202) 312-3322
E-mail: dhernandez@vedderprice.com

*Attorney for Defendant Stericycle, Inc.*

Dated: February 19, 2008

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLORIA J. WARE,

        Plaintiff,

v.

NICKLIN ASSOCIATES, INC.,
STERICYCLE, INC., JOHN NICKLIN,
SCOTT MILLER, GEORGE FOX, CURTIS
PATTON, and DAVID LeBLANC,

        Defendants.

No.  08-CV-233 (RBW)

## PROPOSED ORDER

This matter having come before the Court on Defendant Stericycle, Inc.'s ("Stericycle") Motion for Summary Judgment and the issues being argued by all parties, and based on written memoranda submitted by all parties to this matter, the Court concludes as follows:

Stericycle is unnecessary as a defendant in this matter because Plaintiff has pled no facts establishing direct liability against it, and because Stericycle is not a successor-in-interest to Nicklin Associates, Inc.

WHEREFORE, for good cause shown, it is hereby **ORDERED AND ADJUDICATED** that Defendant Stericycle's Motion is **GRANTED,** and all counts of the complaint are dismissed against Stericycle with prejudice.

Dated this ____ day of _____, 2008.

        BY THE COURT:

        _____
        United States District Judge

Copies to: Service List

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA J. WARE, | |
| Plaintiff, | |
| v. | No. 08-CV-233 (RBW) |
| NICKLIN ASSOCIATES, INC., STERICYCLE, INC., JOHN NICKLIN, SCOTT MILLER, GEORGE FOX, CURTIS PATTON, and DAVID LeBLANC, | |
| Defendants. | |

**APPENDIX TO DEFENDANT STERICYCLE, INC.'S MATERIALS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**DOCUMENT**                                                                                     **TAB**

**Affidavit of John Matthei**...............................................................................1

Respectfully submitted,
STERICYCLE, INC.

By: _____
Aileen Meyer, DC Bar No. 403452

Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037-1122
Office: (202) 663-9227
Facsimile: (202) 663-8007

*Attorney for Defendant Stericycle, Inc.*

FURTHER AFFIANT SAYETH NOT.

JOHN MATTHEI

SUBSCRIBED AND SWORN TO before me
this 19 day of FEBRUARY , 2008:

NOTARY PUBLIC

OFFICIAL SEAL
DONNA M GEIGLER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/09/08

3

# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLORIA J. WARE,

        Plaintiff,

v.

NICKLIN ASSOCIATES, INC.,
STERICYCLE, INC., JOHN NICKLIN,
SCOTT MILLER, GEORGE FOX, CURTIS
PATTON, and DAVID LeBLANC,

        Defendants.

No._____

## AFFIDAVIT OF JOHN MATTHEI

John Matthei, having first been duly sworn on oath, deposes and states as follows on personal knowledge:

1.      Stericycle, Inc. ("Stericycle") is a Delaware corporation, engaged primarily in the business of medical waste collection and disposal.

2.      At all times relevant to this matter, I was employed as Stericycle's Vice President of Human Resources.

3.      As Stericycle's Vice President of Human Resources, I have a broad knowledge of Stericycle's business operations, including the labor and employment implications of mergers and acquisitions.

4.      Nicklin Associates, Inc. ("Nicklin Associates") is a New York corporation primarily engaged in the business of medical waste disposal.

5.      Prior to September 2005, Stericycle had no ownership interest in or control over Nicklin Associates.

6. At the times relevant to the factual allegations of Plaintiff's complaint, which range from 2003 until April 2005, Stericycle had no ownership interest in Nicklin Associates.

7. At the times relevant to the factual allegations of Plaintiff's complaint, which range from 2003 until April 2005, John Nicklin, George Fox, Curtis Patton, and David LeBlanc were principals, agents, or employees of Nicklin Associates, and had no connection with Stericycle. Scott Miller was a consultant to Nicklin Associates and had no connection with Stericycle.

8. Stericycle purchased the stock of Nicklin Associates on September 16, 2005, approximately five months after Plaintiff's termination.

9. The terms of the purchase were set forth in a stock purchase agreement.

10. The stock purchase agreement provides that Nicklin Associates and its principals will indemnify Stericycle for any third party claims that arose prior to the purchase, including Plaintiff's claim.

11. The amount that Stericycle has already paid under the terms of the stock purchase agreement to the principals of Nicklin Associates, John Nicklin and David LeBlanc, and the additional amount it issued in notes to Nicklin and LeBlanc pursuant to the terms of the stock purchase agreement, both exceed the aggregate amount of all averments set forth in Plaintiff's prayer for relief.

12. Nicklin Associates continues to exist as a separate corporate entity, incorporated in the State of New York.

**CONTINUED ON NEXT PAGE. THIS SPACE INTENTIONALLY LEFT BLANK.**

By: _____

David M. Hernandez, DC Bar No. 473952

Vedder Price P.C.
875 15th Street, NW, Suite 725
Washington, DC 20005
Office: (202) 312-3320
Facsimile: (202) 312-3322
E-mail: dhernandez@vedderprice.com

*Attorney for Defendant Stericycle, Inc.*

Dated: February 19, 2008

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLORIA J. WARE,

          Plaintiff,

v.                                                              No. 08-CV-233 (RBW)

NICKLIN ASSOCIATES, INC.,
STERICYCLE, INC., JOHN NICKLIN,
SCOTT MILLER, GEORGE FOX, CURTIS
PATTON, and DAVID LeBLANC,

          Defendants.

## PROPOSED ORDER

This matter having come before the Court on Defendant Stericycle, Inc.'s ("Stericycle")

Motion for Summary Judgment and the issues being argued by all parties, and based on written

memoranda submitted by all parties to this matter, the Court concludes as follows:

Stericycle is unnecessary as a defendant in this matter because Plaintiff has pled no facts

establishing direct liability against it, and because Stericycle is not a successor-in-interest to

Nicklin Associates, Inc.

WHEREFORE, for good cause shown, it is hereby **ORDERED AND ADJUDICATED**

that Defendant Stericycle's Motion is **GRANTED,** and all counts of the complaint are dismissed

against Stericycle with prejudice.

Dated this ___ day of _____, 2008.

                                  BY THE COURT:

                                    _____
                                    United States District Judge

Copies to: Service List