UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLORIA WARE,               )
                           )
    Plaintiff,            )
                           )
    v.                    )   No. 08-233 (RBW)
                           )
NICKLIN ASSOCIATES, INC., *et al.*,  )
                           )
    Defendants.           )
_____)

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
BY DEFENDANT NICKLIN ASSOCIATES, INC.**

Comes now plaintiff, Gloria Ware, by and through counsel, to oppose the Motion to Dismiss filed by defendant Nicklin Associates, Inc.

**A.**    **Plaintiff's Claims Under the DCHRA Were Timely,
And She Is Not Barred By Election of Remedies Doctrine.**

Plaintiff filed charges of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") that were cross-filed with the D.C. Office of Human Rights ("OHR") as a matter of law. The Complaint states that she first filed in March 2005, which is presumed true. (Compl. ¶ 9) Defendant proffers that the first filing occurred in April 2005. (Affidavit of Martin F. Cadogan, attached to motion).

The Complaint alleges that Plaintiff was issued a right to sue letter by the EEOC, date stamped August 24, 2007. (Compl. ¶ 33) The original civil action was filed in the Superior Court of the District of Columbia on November 19, 2007, within 90 days of the EEOC's right to sue letter.

Count I of the Complaint alleges discrimination on the basis of race, sex and age in violation of the District of Columbia Human Rights Act ("DCHRA") [D.C. Code § 2-1401.01 *et seq.* (2001 ed.].

Count III of the Complaint alleges retaliation for having engaged in protected activity, also in violation of the DCHRA.

Defendant Nicklin seeks dismissal of plaintiff's DCHRA counts as being barred by the statute of limitations and the election of remedies doctrine.

The DCHRA provides the remedy of a private right of action. D.C. Code § 2-1403.16. The statute gives the private right of action "unless such person has filed a complaint hereunder; provided, that where the [D.C. Office of Human Rights] has dismissed such complaint on the grounds of administrative convenience . . . such person shall maintain all rights to bring suit as if no complaint had been filed."

The statute of limitations to take advantage of the private right of action contains a tolling provision as follows[1]: "The timely filing of a complaint with the [D.C. Office of Human Rights] . . . shall toll the running of the statute of limitations while the complaint is pending."

The EEOC and OHR are parties to a worksharing agreement under which a charge filed with the EEOC is automatically treated as filed with the OHR. *Fowler v. District of Columbia*, 122 F.Supp.2d 37, 40 n.4 (D.D.C. 2000) (the Worksharing Agreement is a public record; and the court may take judicial notice of it). Pursuant to the worksharing agreement, once the EEOC conducts an investigation into the charges and issues a determination, the OHR closes its case administratively.

Therefore, under the 2002 amendment to the statute, Plaintiff's causes of action were tolled during the pendency of the administrative claims from March 2005, when charges were filed with the EEOC, until August 24, 2007, which is the date of the EEOC right to sue letter. Plaintiff's lawsuit was filed timely under a the DCHRA one-year provision or Title VII's 90-day filing period.

---

[1] The tolling provision of the statute was amended by D.C. Law 14-189 (Oct. 1, 2002).

The Defendant's argument that Plaintiff is barred by the election of remedies doctrine relies on and cites to an earlier version of the DCHRA under which to preserve the plaintiff's cause of action, the OHR was required to dismiss the case for administrative convenience within 120 days after filing. The language in the current statute, quoted above, contains no such time limitation.

In *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 573-574 (D.C. 2007), the District of Columbia Court of Appeals construed the language "administrative convenience" as covering the exact situation as exists here. In *Griffin*, the EEOC investigated the charge and the OHR did not. The OHR administratively terminated the complaint in favor of the EEOC investigation. *Griffin* called the dismissal "a housekeeping decision by the agency" of the very sort contemplated by the statute. Plaintiff's lawsuit is not barred by the doctrine of election of remedies.

B.  **Plaintiff's Allegations of Employment Discrimination Are Sufficient to Withstand the Motion To Dismiss**

Plaintiff's Counts I and II allege discrimination on the basis of race, sex and age, the first count under the DCHRA and the second under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq*. ("Title VII"). Defendant's challenge to the adequacy of the claims is filed under Fed. R. Civ. P. 12(b)(6).

In doing so, Defendant has accompanied its motion with copies of two Charge of Discrimination federal forms signed by Plaintiff and filed with the EEOC. The Charge of Discrimination forms both bear the case number 100-2005-00588, which is the very case number Plaintiff asserts at Compl. ¶ 9. Defendant justifies including the two Charge of Discrimination forms as record evidence an d making it part of the motion to dismiss based on language in this Court's *Gustave-Schmidt v. Chao*, 226 F. Supp.2d 191, 196 (D.D.C. 2002), which expressly permits the Court to consider documents "incorporated by reference in the complaint" when deciding a Rule

12(b)(6) motion without converting the motion to one for summary judgment. *See also*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007). Plaintiff joins the Defendant in requesting this Court to take into account Plaintiff's two EEOC filings when deciding this motion without converting the motion into one for summary judgment.

The purpose of a complaint under the federal rules is to give both fair notice of the nature of the claim and the grounds on which the claim rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Defendant is mistaken when it asserts that plaintiff must state "a prima facie case of discrimination" in her Complaint. That concept was expressly rejected by the courts. And in *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000), the Circuit Court expressly reversed the trial court holding that a complaint in a discrimination case must make out a *prima facie* case of discrimination.

When the allegations of sex and race discrimination in the Complaint are considered along with the allegations made in the EEOC charge, it is evident that Plaintiff has amply alleged sufficient facts to avoid dismissal.

The Complaint states that beginning in late 2004, plaintiff was doing the job of the Transportation Manager as well as her other jobs of Office Manager and Account Manager, and previously it took two full-time workers to do that work. Compl. ¶¶ 13, 14, 15.

Plaintiff's EEOC charge dated March 9, 2005, clarifies that the male Transportation Manager was paid almost twice as much as she was paid to do half the work, and she was told she was performing both functions in an outstanding manner.

Certainly the facts stated in the two documents provide defendant with sufficient fair notice of the nature and grounds of plaintiff's sex discrimination claim and provides this Court with

sufficient basis to determine that plaintiff might be able meet her initial burden to establish a *prima facie* case. Plaintiff is not required to state all the elements of her claim nor rebut the evidence which the defendant might later present.

Similarly, Plaintiff amply makes out a race discrimination claim. The president and vice president of defendant corporation routinely made racist slurs in plaintiff's presence and rejected plaintiff's many requests to stop. The presence of derogatory racist language by the company's two top officers created an abusive and racially charged and hostile work environment. Compl. ¶¶ 29, 30, 31.

The EEOC charge actually repeated some of the repulsive language used by the company's top officers and stated that all black employees (presumably including plaintiff) were treated in a hostile manner in the workplace while white employees were given advantages over blacks.

Defendant cites *George v. Leavitt*, 407 F.3d 405 (D.C. Cir. 2005) for the proposition that hostile language by three employees (not the president of the company) over a six-month period did not demonstrate a hostile work environment. That case was decided on summary judgment after the completion of discovery. This Court does not employ a summary judgment standard when deciding a Rule 12(b)(6) motion. Defendant fails to mention that *George* found for plaintiff on her non-hostile work environment discrimination cause of action. Defendant on page 8 of the motion cites other cases for the proposition that casual and isolated racist slurs, not those that permeated the work force, do not create a hostile work environment. There has been no discovery. This action is at the initial pleading stage.

This Court should deny defendant's motion to dismiss the two employment discrimination counts.

**C.      Plaintiff Adequately States Claims of Retaliation,
And the EEOC Documents Do Not Negate a March 9, 2005 Filing.**

Plaintiff's Counts III and IV allege retaliation for having engaged in protected activity. Count III is brought under the DCHRA and Count IV under Title VII. Defendant styles its motion a one to dismiss for failure to state a claim under Rule 12(b)(6), but the gist of the motion is a counter statement of facts disputing the facts stated in the Complaint.

The Complaint states that Plaintiff filed a charge with the EEOC on March 9, 2005, Compl. ¶ 9. It states that Plaintiff told her co-workers about the charge before doing so, and the defendants should have known about the charge about the time it was filed. Compl. ¶¶ 16, 17, 18 and 24. A few weeks later, Plaintiff was fired for being absent from work for 1½ days due to medical reasons. Compl. ¶¶ 23, 23 and 26.

Defendant's counter statement of facts is based on the two EEOC documents filed with the motion. The first is a Charge of Discrimination signed by Plaintiff and dated March 9, 2005 but containing a date stamp of April 20, 2005. From this document, Defendant jumps to the conclusion that the March 9, 2005, date must have been "backdated." Motion to Dismiss at 9. This Court is required to treat all of plaintiff's factual allegations as true in deciding a Rule 12(b)(6) motion. *Sparrow*, 216 F.3d at 1117. Therefore, the Court must treat the March 9, 2005, filing date as true despite the unexplained date stamp proffered by Defendant. Plaintiff affirms that despite the non-conforming date stamp on one document, she will be able to prove a March 9, 2005, discrimination filing when her case comes for trial or is tested by summary judgment. The Court should note that the Defendant never asserts that the two EEOC documents it provides with its motion are the only documents on the subject in the EEOC record.

The Defendant also bases its motion to dismiss on what it considers a discrepancy in dates between the Complaint and one of the two EEOC charges. The charge signed by plaintiff and dated April 18, 2005, says, "On April 13, 2005, I filed an EEOC Charge of Discrimination." Defendant's motion to dismiss is grounded on the failure of Plaintiff to mention an April 13, 2005 filing in her Complaint. Motion to dismiss at 9.  There was no duty to do so. The Complaint does not require the dates her every contact with the EEOC. Her failure to record an April 13, 2005, discrimination charge, as well as the charge made on March 9, 2005, is not a reason for dismissing plaintiff's retaliation lawsuit.

Defendant would be correct in its argument if this Court were allowed to ignore all the facts in the Complaint and simply agree with defendant's counter version of facts that plaintiff could not possibly have filed a charge against it on March 9, 2005 and in fact failed to complain to the EEOC about discrimination until after her discharge had taken place. This Court may not view the facts in the manner urged by the Defendant when deciding a Rule 12(b)(6) motion. The reverse is true. Instead all  facts asserted by the plaintiff are presumed true.

The facts stated in the Complaint amply state a cause of action for retaliation.

**D.    The Complaint Need Not Anticipate or Rebut Defenses.**

The Complaint states she had worked for Defendant company for nearly two years. Compl. ¶¶ 10-15, 25-26. She had a clean personnel record with no notices of performance deficiencies. Compl. ¶ 21. During her two-year employment, she was not on notice of any policy that would have required her to submit a written explanation from a doctor justifying an absence from work for medical reasons. Compl. ¶ 22. Plaintiff was out of work for 1½ days in April 2005. Compl. ¶ 23.

By the time she returned to work on Monday, April 18, 2005, her employer knew and had reason to know that she recently filed an EEOC charge. Compl. ¶ 24. On the morning she returned to work, she was fired soon after Defendant company opened for business for the day. Compl. ¶ 20. That morning, a manager demanded she produce a written explanation for her 1½-day absence from work, and when she was unable to do so immediately, he fired her. Compl. ¶¶ 25-26. The firing took place although the policy was new and had never applied to her in her two years at work. Compl. ¶ 25. The justification given by the company vice president for the firing was false and based on a pretext and constituted retaliation and discrimination. Compl. ¶ 27. That is presumptively true.

Defendant attempts to convert the very justification for Plaintiff's retaliation claims as grounds for dismissing the Complaint for failure refute in the Complaint itself a defense that Defendant had a legitimate business purpose for firing plaintiff. Plaintiff has a right to show that the reason was false and pretextual under the burden shifting paradigm for indirect evidence. Defendant's argument probably must be brushed aside. In a Rule 12(b)(6) motion, this Court is required to construe the allegations in the Complaint in the light most favorable to the plaintiff. The plaintiff is not required to anticipate the defendant's likely defenses.

Plaintiff's retaliation claims should stand.

**E.    Plaintiff Adequately States A Cause of Action for Unlawful Termination.**

Count V of the Complaint alleges that Plaintiff was terminated for unlawful reasons in violation of public policy due to her knowledge and causal connection to defendant's fraudulent billing practices performed in violation of federal and District of Columbia law. Compl. ¶ 47. Paragraph 47 also states that Plaintiff asserts rights as a whistle-blower.

Plaintiff alleges a fraudulent billing and invoicing scheme used by the defendant "as a matter of course" under which the defendant regularly billed its customer hospital for false medical waste disposal. Plaintiff states that the defendant's activities were prohibited by federal law and were subject to regulation by the U.S. Environmental Protection Agency. Compl. ¶ 32. The same paragraph alleges that company vice president, John Nicklin, knew of Plaintiff's knowledge. Although not stated, a fair inference from the language of the first sentence in paragraph 32 is that Plaintiff brought the fraudulent billing scheme to the attention of Mr. Nicklin and objected to having to participate in it.

The claim of wrongful termination is based on the evolving state of District of Columbia local common law. Defendant discusses the case of *Adams v. George W. Cochran & Co., Inc.*, 597 A.2d 28 (D.C. 1991) without even once mentioning *Carl v. Children's Hospital*, 702 A.2d 159 (D.C. 1997) (*en banc*), which broadening the standard for the wrongful termination and remade District of Columbia law in this area. It's progeny includes *Freas v. Archer Services, Inc.*, 716 A.2d 998 (D.C. 1998); *Washington v. Guest Services, Inc.,* 718 A.2d 1071 (D.C. 1998); *Fingerhut v. Children's National Medical Center*, 738 A.2d 799 (D.C. 1999). In *Washington v. Guest Services, Inc.*, a cook at a retirement home demanded that another kitchen worker stop spraying stainless steel cleaner in the area where plaintiff was cooking. Plaintiff stated that the spray was poisonous and potentially would have contaminated the food. *Id.* at 1072. The next day she was fired for insubordination. *Id*. at 1073. Dismissal of plaintiff's claim for wrongful termination was held to survive summary judgment.

If this Court holds that Plaintiff's allegation of wrongful termination, based on her interaction with her superiors who were conducting a fraudulent billing and invoicing scheme, fails to state a

claim under Rule 12(b)(6), plaintiff requests the opportunity to amend the Complaint to allege additional facts.

Plaintiff asks this Court to deny the motion to dismiss as to the wrongful termination claim.

WHEREFORE, plaintiffs pray this Court grant the following relief:

A.  Deny the Motion to Dismiss filed by Defendant Nicklin Associates, Inc. in its entirety.

B.  Grant Plaintiff such other and further relief as this Court may find just and equitable.

Respectfully Submitted,

March 11, 2008

_____
C. Michael Tarone, Esquire
Bar No. 159228
Tarone & McLaughlin
900 17th Street, NW
Suite 1250
Washington, D.C.  20006
(202) 293-3200

Counsel for Plaintiff
Gloria Ware

CERTIFICATE OF SERVICE

    I, C. Michael Tarone, hereby certify that I served a copy of the foregoing on the parties identified in the Complaint who have entered appearances in this matter and those who are named as parties, by first class mail, postage prepaid or electronically, on 3/12/08 as follows:

    Martin F. Cadogan, Esquire    (electronically)
    c/o Andrew M. Winick, Esquire
    5004 Roland Avenue
    Baltimore, MD 21210

    David N. Hernandez, Esquire    (electronically)
    Vedder Price
    875 15th Street, NW, Suite 725
    Washington, DC 20005

    Ms. Gloria J. Ware    (by mail)
    2514 Lorring Drive
    Forestville, MD 20747

    /s/ C. Michael Tarone
    C. Michael Tarone

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| Gloria Jean Ware )  )  ) Plaintiff, )  ) v. )  ) Nicklin Associates, Inc., *et al.* )  ) Defendants. ) | CASE #: 1:08-cv-00233-RBW |

ORDER

UPON CONSIDERATION of the Motion to Dismiss, the opposition thereto, and the entire record herein, it is this _____ day of March 2008 hereby

ORDERED that motion be and hereby is denied.

SO ORDERED.

 _____
 Reggie B. Walton
 District Court Judge

Copies to:  See Next page

C. Michael Tarone, Esquire
Tarone & McLaughlin
900 17th Street, NW,
Suite 1250
Washington, DC  20006

Andrew M. Winick, Esquire
Martin Cadogan, Esquire
5004 Roland Avenue
Baltimore, MD 21210

David N. Hernandez, Esquire
Vedder Price
875 15th Street, NW, Suite 725
Washington, DC 20005

By US Mail
Ms. Gloria J. Ware
2514 Lorring Drive
Forestville, MD 20747