IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA J. WARE,<br><br>      Plaintiff,<br><br>v.<br><br>NICKLIN ASSOCIATES, INC.,<br>STERICYCLE, INC., JOHN NICKLIN,<br>SCOTT MILLER, GEORGE FOX, CURTIS<br>PATTON, and DAVID LeBLANC,<br><br>      Defendants. | No. 08-CV-233 (RBW) |

## DEFENDANT STERICYCLE, INC.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**I.   INTRODUCTION**

Defendant Stericycle, Inc. ("Stericycle") brought its Motion for Summary Judgment on the grounds that it was improperly named in Plaintiff Gloria Ware's lawsuit as a successor-in-interest. Stericycle identified and cited relevant Title VII cases and EEOC compliance guidance supporting its position.

Two factors must be proven to establish successor liability under Title VII: the putative successor's knowledge of the plaintiff's claim *and* the predecessor's inability to provide relief to the alleged victim of discrimination, harassment and/or retaliation. In her Opposition to Stericycle's Motion for Summary Judgment, Plaintiff focuses upon the former while ignoring the latter. Her Opposition fails for that reason.

Stericycle's Motion for Summary Judgment is predicated on the fact that its predecessor, Nicklin Associates ("Nickin"), can provide relief to the Plaintiff, if ordered to do so. Indeed, Stericycle's Vice President of Human Resources provided uncontroverted evidence that Nicklin can remedy any wrongs. Plaintiff provides no evidence to the contrary. Because Stericycle,

1

through its Motion, has proven that Nicklin can remedy any alleged wrong, no discovery is needed.

II. **STERICYCLE'S POSITION IN ITS MOTION FOR SUMMARY JUDGMENT IS FULLY SUPPORTED BY RELEVANT PRECEDENT AND EEOC COMPLIANCE GUIDELINES**

Plaintiff first argues that Bondy v. Humana, Inc., 1996 WL 294245 (D.D.C. May 29, 1996), undercuts Stericycle's position in its motion for summary judgment. In her Opposition, Plaintiff claims that a successor need not be named in the underlying administrative charge and the existence of an indemnification agreement does not absolve a successor.

But Plaintiff's arguments obfuscate and ignore the court's holding in Bondy. There, the putative successor's Rule 12(b)(6) motion to dismiss was denied for a complete deficiency of evidence. The defendant "failed to provide any support for the conclusion that [it] could not be held legally liable." 1996 WL 294245 at *4.

This case is wholly different from Bondy. Here, Stericycle has shown that Nicklin, Plaintiff's employer at the time of the alleged discrimination and retaliation, has the financial resources to adequately provide relief to Plaintiff if so ordered. As stated by the Equal Employment Opportunity Commission's ("EEOC") compliance guidelines and the Fifth Circuit's decision in Rojas v. TK Communications, Inc., 87 F.3d 745 (5th Cir. 1996), the leading case on Title VII successorship issues, adequacy of resources is an essential factor in determining whether a putative successor should be held liable for the acts of a predecessor. See EEOC Compliance Manual § 2-III(B)(3)(b) (2006) ("Generally, the successor can only be held liable if it had notice of the charge *and* the predecessor is unable to provide relief.") (Emphasis in original.) Whether Stericycle had notice of Plaintiff's discrimination and retaliation charge at the time it acquired Nicklin is not dispositive. Nicklin can provide adequate relief, and that is as far as the inquiry must go.

2

### III. PLAINTIFF CITES NO CASELAW REFUTING THE CONTROLLING AUTHORITY THAT SUCCESSOR LIABILITY DOES NOT ATTACH WHEN THE PREDECESSOR HAS THE ABILITY TO REMEDY ANY ALLEGED WRONG

The principle of successorship, and more specifically, the definition of a "successor-in-interest," have been the subject of frequent litigation under Title VII and other laws designed to remediate discriminatory practices. That is why Plaintiff's citation to Hollland v. Williams Mountain Coal Co., 256 F.3d 819 (D.C. Cir. 2001) is puzzling. That case arose under the Coal Industry Retiree Health Benefit Act (the "Coal Act"). In that case, the Court of Appeals for the District of Columbia was called upon to interpret several provisions of the Coal Act which contemplated the definition of a successor-in-interest, drawing analogies from the Internal Revenue Code and corporate law. 256 F.3d at 821-23.

Later in the opinion, the D.C. Circuit sets forth a general discussion of successorship principles under Title VII, the Civil Rights Act of 1866 and the National Labor Relations Act. The Court's discussion reaffirms the principles set forth in Rojas and the EEOC Compliance Manual: "A key factor motivating courts to extend successor liability beyond the textual bounds of a statute is that the victim of the predecessor's behavior *may be left without a remedy unless recourse against the successor is allowed*." 256 F.3d at 825 (emphasis added). As discussed above, that is not a dispositive issue in this matter since Stericycle has shown that Nicklin can satisfy any judgment rendered against it.

The only other case cited by Plaintiff, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002), contemplates whether a Plaintiff in a Title VII and ADEA case must plead a prima facie case in his or her complaint. In her Opposition, Plaintiff's pinpoint cite merely states that the prima facie case "should not be transposed into a rigid pleading standard for discrimination cases." Id. at 512. That has nothing to do with the matter at hand. As with her attempts to

3

distinguish the caselaw cited by Stericycle, the cases relied upon by Plaintiff fail to support her position.

### IV.  PLAINTIFF FAILS TO SUPPORT HER OPPOSITION WITH ANY EVIDENCE CONTROVERTING NICKLIN'S ABILITY TO REMEDY AN ALLEGED WRONG

Plaintiff's statements in her declarations, in addition to her Counsel's Rule 56(f) Declaration, do not raise an issue of material fact as to whether Nicklin can remedy any alleged wrong. Instead, in her affidavits, Plaintiff covers topics such as whether certain employees continue to be employed by Nicklin, that Stericycle is publicly traded and files an annual 10-k report, and that Stericycle is a publicly-traded company with "sophisticated acquisition policies." But as discussed above, even if taken as true, these statements in her affidavits do not create a genuine issue of material fact or give Plaintiff the right to take discovery as to whether Stericycle exercised due diligence in its acquisition of Nicklin or knew of Plaintiff's charge of discrimination.

Plaintiff's evidence does not call into question Matthei's averments that Nicklin can remedy any alleged wrong. Indeed, Plaintiff helps to prove that Nicklin can remedy any wrong by averring in her Second Declaration that Nicklin's president, John Nicklin, is "apparently still involved." (Ware Second Decl. at ¶ 5)  Stericycle has provided uncontroverted evidence of Nicklin's ability to remedy any wrong.

Stericycle supported its Motion for Summary Judgment with an affidavit from its Vice President of Human Resources, John Matthei. Mr. Matthei has broad personal knowledge of Stericycle's operations and personnel, including issues that relate to mergers and acquisitions. The statements in his Affidavit are definitive and based on first-hand knowledge. He conclusively testified that Nicklin continues to exist and has the resources to satisfy any adverse judgment. Because the two necessary factors for successor liability are in the conjunctive (i.e.,

4

predecessor's inability to provide relief *and* putative successor's knowledge of the claim), and it has been proven that Nicklin continues to exist and can provide relief to Plaintiff if so ordered, discovery is unnecessary to determine whether Stericycle had knowledge of Plaintiff's discrimination charge.

## V.     CONCLUSION

For the reasons set forth above, Stericycle is improperly pled as a defendant in this case. Its Motion for Summary Judgment should be granted as to each of Plaintiff's allegations.

Respectfully submitted,
STERICYCLE, INC.

By: /s/ David M. Hernandez
David M. Hernandez, DC Bar No. 473952

Vedder Price P.C.
875 15th Street, NW, Suite 725
Washington, DC 20005
Office:  (202) 312-3320
Facsimile:  (202) 312-3322
E-mail:  dhernandez@vedderprice.com

*Attorney for Defendant Stericycle, Inc.*

Dated: April 14, 2008

5

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Appendix to Defendant Stericycle, Inc.'s Response to Plaintiff's Opposition to Motion for Summary Judgment was filed and served upon the following parties by the methods noted below on this 14th day of April, 2008.

C. Michael Tarone
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC 20006
cmtarone@aol.com
*Via: Court's Electronic Case
    Filing system*

Martin F. Cadogan
Law Offices of Arnold M. Weiner
2002 Clipper Park Road, Unit 108
Baltimore, Maryland 21211
mcadogan@wwlawoffice.com
*Via: Court's Electronic Case
    Filing system*

Ms. Gloria Ware
2514 Lorring Drive
Forestville, MD 20747
*Via: Certified Mail and
    U.S. First Class Mail*

/s/ David M. Hernandez
David M. Hernandez

CHICAGO/#1768612.3
32669.00.0078