# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GLORIA J. WARE,           :
                               :
        Plaintiff,       :
                               :
        v.            :     Case No. 1:08-cv-00233-RBW
                               :
NICKLIN ASSOCIATES, INC.;    :
STERICYCLE, INC.; JOHN NICKLIN;  :
SCOTT MILLER; GEORGE FOX;     :
CURTIS PATTON; and DAVID LEBLANC,:
                               :
        Defendants.     :
_____  :

## MEMORANDUM OPINION

Currently before the Court are defendant Nicklin Associates Inc.'s ("Nicklin") Motion[1] to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and defendant Stericycle Inc.'s ("Stericycle") Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The plaintiff, Gloria Ware, brought this lawsuit against Nicklin and its employees named as defendants and also Stericycle (collectively, the "defendants") alleging race, age and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a) (2000) and the District of Columbia Human Rights Act of 1977, D.C. Code § 2-1401.01 (2008) ("DCHRA") and wrongful termination. According to Nicklin, the allegations contained in the complaint are inadequate to provide the relief which the plaintiff seeks. Stericycle posits that it is improperly named as a

---

[1] A number of Nicklin's employees are also named as defendants and they are also parties on the dismissal motion.

defendant.

Upon  consideration of the parties' various filings submitted in regard to Nicklin's

Motion to Dismiss ("Nicklin's Mot."), Stericycle's Motion for Summary Judgment ("Stericycle's

Mot.") and the relevant portions of the record, and for the reasons set forth below, the Court

concludes that Nicklin's Motion must be denied and that Stericycle's Motion must be denied

without prejudice.

# I. BACKGROUND

A.    **Factual Summary**[2]

In July 2003, Nicklin  hired the plaintiff as a part-time secretary.  Complaint ("Compl.")

¶ 10.  In December of 2003, the plaintiff was promoted to the position of Account Manager, id. ¶

11, and in early 2004, Nicklin promoted the plaintiff to the position of Office Manager, id. ¶ 13.

In late 2004, the plaintiff was also assigned duties and responsibilities of the Transportation

Manager without receiving any additional pay, id. ¶ 14, while the person who previously held the

Transportation Manager position (a male) purportedly "was paid almost twice as much as [the

plaintiff] was paid to do half the work."  Plaintiff's Opposition to Motion to Dismiss by

Defendant Nicklin Associates, Inc. at 4.

John Nicklin, a Vice President of the Nicklin corporation, id. ¶ 7, allegedly "referred to

black workers in racist slurs and made racist references", id. ¶ 29. Several times during the

course of her employment, the plaintiff claims that she requested that Mr. Nicklin cease using

racially derogative language when referring to Nicklin's African-American employees, id. ¶ 30,

and the plaintiff told her co-workers that she intended to file a charge of discrimination against

---

[2]  This summary is compiled from the allegations set forth in the plaintiff's complaint, which are presumed to be true at this stage of the proceedings.  See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1114 (D.C. Cir. 2000).

Nicklin with the Equal Employment Opportunity Commission ("EEOC"), id. ¶ 16.   She filed her charge of discrimination with the EEOC on March 9, 2005,[3] id. ¶ 9 and according to the plaintiff, Nicklin's management knew that she had filed the complaint with the EEOC, Compl.  ¶¶ 17, 18, 28, and was aware that she "had knowledge of a fraudulent billing and invoicing scheme" employed by Nicklin, id. ¶ 32.

On Thursday, April 14, 2005, the plaintiff was absent from work for half the day and absent the entire day on Friday, April 15, 2005, for medical reasons.  Id. ¶ 23.  On Monday, April 18, 2005, the plaintiff's employment was terminated by Nicklin when she returned to work for not providing "a written explanation from a doctor or healthcare provider that justified and substantiated her absence from work for medical reasons" even though she had not been made aware that she needed one. Id. ¶¶ 20, 22.  And according to the plaintiff,  she was terminated despite otherwise having an unblemished record.  Id. ¶ 21.

## B.    Procedural Summary

On August 24, 2007, the EEOC issued a letter to the plaintiff indicating that she could initiate a lawsuit based on the charges she had lodged against Nicklin with the EEOC.  Compl. ¶ 33.  Thereafter, the plaintiff filed a complaint in the Superior Court of the District of Columbia on November 19, 2007.  Her complaint asserted claims against Nicklin and five of its employees for discrimination and retaliation under Title VII and the DCHRA, and for wrongful termination. Id.  ¶¶ 2, 4-7, 34-45.  The complaint also named Stericycle as a defendant because "it is the successor in interest to Nicklin Associates, Inc. and, alternatively, the former employer of [the

---

[3]  In accordance with a work-share agreement, the claim was cross-filed also with the District of Columbia Office of Human Rights.  Compl. ¶ 9; see Estenos v. PAHO/WHO-FCU, 952 A.2d 878, 886 (D.C. 2008) (explaining the work-share agreement).

plaintiff]." <u>Id.</u> ¶ 3.  Stericycle timely  removed the case to this Court on February 8, 2008.[4]

Docket Entry ("D.E.") #1.

On February 19, 2008, the Nicklin defendants moved for dismissal under Federal Rule of

Civil Procedure 12(b)(6) and Stericycle moved for summary judgment pursuant to Rule 56.  The

plaintiff has filed oppositions to both motions.

## II. STANDARDS OF REVIEW

### A.      Rule 12(b)(6)

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

court "must treat the complaint's factual allegations as true" and "must grant [the] plaintiff the

benefit of all inferences that can be derived from the facts alleged." <u>Sparrow v. United Airlines,</u>

<u>Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotations and citations omitted); <u>see also</u>

<u>Erickson v. Pardus</u>, ___ U.S. ____, ____, 127 S. Ct 2197, 2200 (2007) (internal quotation marks

and citations omitted); <u>Trudeau v. FTC</u>, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation

marks and citations omitted).  Under this Rule, a plaintiff need not allege specific details that

prove the veracity of a claim; rather, a properly pleaded complaint only need contain a clear and

concise statement of the claim sufficient to place a defendant on "notice of what the plaintiff's

claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

However, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief [in her

complaint] requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ____, ____, 127 S.

Ct. 1955, 1964-65 (2007) (internal quotation marks and brackets omitted).  Moreover, "'[a] court

---

[4] The plaintiff served Stericycle with her complaint on January 11, 2008.

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)) (alteration in original). Furthermore, for the purposes of a Rule 12(b)(6) motion, the Court may consider only the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997).

**B.     Rule 56**

Under Federal Rule of Civil Procedure 56(c), "[s]ummary judgment is proper only if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" George v. Leavitt, 407 F.3d 405, 411 (D.C. Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)) (citations omitted). A material fact is one that is capable of affecting the outcome of the litigation, and a genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The party moving for summary judgment may not rely solely on conclusory allegations but must set forth facts that are significantly probative. Id. at 249-50 (citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." Id. at 255. Thus, when considering a motion for summary judgment, a court must "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in [her] favor." Galvin v. Eli Lilly & Co., 488 F.3d 1026, 1031 (D.C. Cir. 2007) (internal quotation and citation omitted); see also Greene v. Amritsar Auto Serv. Co., 206 F. Supp. 2d 4, 7 (D.D.C. 2002).

The District of Columbia Circuit has cautioned against granting summary judgment

before the plaintiff has been afforded the opportunity to take discovery.  <u>Ikossi v. Dep't of Navy</u>,

516 F.3d 1037, 1045 (D.C. Cir. 2008).  Should the plaintiff state with "sufficient particularity . . .

why discovery [is] necessary," it is within the court's discretion to allow discovery to be taken

before ruling on a motion for summary judgment.  <u>Id.</u> (internal quotation and citation omitted).

Rule 56(f) provides:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f).

To survive a motion for summary judgment in a case of this type, a plaintiff must show

that a reasonable jury could conclude from all of the evidence that she was the vicitm of an

adverse employment action, and that the action was taken for a discriminatory reason.  <u>Lathram</u>

<u>v. Snow</u>, 336 F.3d 1085, 1088 (D.C. Cir. 2003) (citing <u>Aka v. Wash. Hosp. Ctr.</u>, 156 F.3d 1284,

1290 (D.C. Cir. 1998) (en banc)).

## III. ANALYSIS

### A     The Nicklin Defendants' Motion

The Nicklin defendants argue that the plaintiff fails to state a claim in her complaint for

which relief can be granted and moves for dismissal pursuant to Rule 12(b)(6).  Nicklin's Mot. at

1.  According to Nicklin defendants, the complaint should be dismissed because: (1) the

plaintiff's DCHRA claims are untimely and barred by the election of remedies doctrine, <u>id.</u> at 6;

(2) it fails to allege a <u>prima</u> <u>facie</u> case for either discrimination or retaliation, <u>id.</u> at 6-9; (3) it

alleges facts from which it can be inferred that Nicklin had a legitimate, non-discriminatory

reason for her termination, id. at 9-10; and (4) it fails to state a claim for wrongful termination,[5] id. at 10.

The plaintiff retorts that: (1) her DCHRA claims are preserved by the work-share agreement between the EEOC and District of Columbia Office of Human Rights ("DC OHR"), Opposition to Nicklin's Motion ("Opp'n Nicklin's Mot.") at 2; (2) her allegations are sufficient to give notice of both the nature of and the bases for her discrimination and retaliation claims, id. at 4-7, at this stage of the proceedings she need not rebut any legitimate, non-discriminatory reasons offered by the Nicklin defendants, id. at 7; and (3) a fair inference that can be drawn from the facts adequately asserts a claim for wrongful termination, id. at 9. Additionally, should the Court disagree with her assessment of the wrongful termination claim, the plaintiff requests permission to amend her complaint to allege facts sufficient to assert her wrongful termination claim. Id. at 10.

### 1.  The DCHRA Claims

Contrary to the Nicklin defendants' assertion, a recent opinion of the District of Columbia Court of Appeals instructs that the plaintiff's DCHRA claims are neither time-barred nor barred by the election of remedies doctrine. In Estenos v. PAHO/WHO-FCU, 952 A.2d 878 (D.C. 2008), the Court of Appeals examined the language of the DCHRA and unequivocally explained that "timely filing [a charge] with the EEOC, of which DC OHR promptly received a copy under the existing [work-share] agreement between the federal and local agencies, sufficed to toll the limitations period for filing in court." Id. at 886. And, pursuant to the work-share agreement

---

[5] In her complaint, the plaintiff also asserts rights as a whistle-blower. Compl. ¶ 47. However, she does not seem to be asserting such a right as a separate cause of action, but rather has made it part of her wrongful termination claim.

between the EEOC and DC OHR, the issuance of a Right to Sue letter by the EEOC afforded the

plaintiff the right to pursue her claims under both Title VII and the DCHRA.  See id. at  878

(plaintiff filed suit under both statutes upon receipt of EEOC Right to Sue letter).

2.      Sufficiency of Allegations in the Complaint

The Nicklin defendants argue that dismissal is warranted because the plaintiff fails to

allege facts sufficient to establish a prima facie case of discrimination under McDonnell Douglas

Corp., 411 U.S. 792, 802 (1973).[6]  The Supreme Court disagrees with this position, having noted

that it "has never indicated that the requirements for establishing a prima facie case under

McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to

survive a motion to dismiss."  Swierkiewicz, 534 U.S. at 511; see also Sparrow, 216 F.3d at

1114.  The Supreme Court further explained that "imposing [a] heightened pleading standard in

employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which

provides that a complaint must include only 'a short and plain statement of the claim showing

that the pleader is entitled to relief.'"  Swierkiewicz, 534 U.S. at 512.  Thus, under Rule 8(a)(2), a

complaint in an employment discrimination case "must simply 'give the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests.'"  Id. (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957)).

Here, the plaintiff's complaint comports with the pleading requirements of Rule 8(a)(2).

She alleges that she suffered unlawful discrimination and retaliation in violation of Title VII and

the DCHRA.  Compl. ¶¶ 35, 38, 41, 45.  Her complaint also asserts several details in relation to

---

[6] "[T]o establish a prima facie case under the McDonnell Douglas framework, [a plaintiff] must demonstrate (1) that she is a member of a protected class; (2) that she was similarly situated to an employee who was not a member of the protected class; and (3) that she and the similarly situated person were treated disparately." Sparrow, 216 F.3d at 1114 (internal quotation and citation omitted) (alteration in original.)

the events giving rise to her claim.  See id. ¶¶ 9, 16, 17, 21, 22, 24, 28-31.  These allegations "give [the Nicklin defendants] fair notice of what [her] claims are and the grounds upon which they rest," and therefore "they state claims upon which relief could be granted under Title VII and the [DCHRA]."  Swierkiewicz, 534 U.S. at 514.

Further, the Nicklin defendants' argument that the plaintiff has not proffered any rebuttal to the legitimate, non-discriminatory reason for terminating her employment also fails.  At this stage of the proceedings, the plaintiff is not required to even address – let alone rebut – any non-discriminatory reason offered by the defendants for termination of her employment.  See id. at 512 ("simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims").

### 3.    The Plaintiff's Wrongful Discharge (Wrongful Termination) Claim

It has long been settled in the District of Columbia that an at-will employee can be discharged by her employer "'at any time and for any reason, or for no reason at all.'"  Liberatore v. Melville Corp., 168 F.3d 1326, 1329 (D.C. Cir. 1999) (quoting Adams v. George W. Cochran & Co., 597 A.2d 28, 30 (D.C. 1991)[7].  The District of Columbia Court of Appeals, however, has carved out a public policy exception to the at-will employment doctrine which provides for a cause of action for "wrongful discharge when the sole reason for the discharge is the employee's refusal to violate the law."  Id. (referring to Adams, 597 A.2d at 30).

The Nicklin defendants argue that the plaintiff fails to state a claim for wrongful discharge because she "merely alleges that she had 'knowledge' of some supposed fraudulent billing," but does not allege that "she was asked to participate," "refused to participate," or

---

[7] "Under District of Columbia law, 'employment is presumed to be at will, unless the contract of employment expressly provides otherwise.'"  Liberatore v. Melville Corp., 168 F.3d 1326, 1328 n.3 (D.C. Cir. 1999) (quoting Carl v. Children's Hospital, 702 A.2d 159, 162 (D.C. 1997)).

"threatened with discipline if she failed to participate," in the "supposed fraud." Nicklin's Mot. at 10. While the Nicklin defendants' observation is correct, their argument fails to take into account that the court "must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow, 216 F.3d at 1113.

In her complaint, the plaintiff alleges that she "had knowledge of a fraudulent billing and invoicing scheme" and that Nicklin's Vice President was aware of her knowledge. Compl. ¶ 32. She further alleges that her termination resulted from that knowledge. Id. ¶ 47. An inference that can be derived from the facts alleged is that the plaintiff was aware of the purported illegal scheme and was terminated as a result of her knowledge. Thus, under the liberal pleading standard of Rule 8(a)(2), the plaintiff states a claim for wrongful termination.

If the Nicklin defendants believe that the plaintiff's complaint "fails to specify the allegations in a manner that provides [it with] sufficient notice, [it] can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz, 534 U.S. at 514. "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Id.

For all of the foregoing reasons, the Nicklin defendants' motion to dismiss for failure to state a claim must be denied.

## B. Stericycle's Motion

Stericycle insists that it is improperly named as a defendant in this action because it did not acquire any interest in Nicklin until five months after the plaintiff's termination. Memorandum in Support of Stericycle's Motion ("Stericycle's Mem.") at 1. It therefore moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Stericycle's Mot. at 1. According to Stericycle, the plaintiff cannot present facts establishing that it has been properly

pled as a defendant.  Stericycle's Mem. at 2.  In response, the plaintiff opposes the merits of

Stericycle's motion but also contends that "facts necessary to justify" her opposition "are

unavailable [] because there has been no discovery."  Opposition to Stericycle's Motion ("Opp'n

to Ster.'s Mot.") at 1.  She, therefore, requests the opportunity to take discovery pursuant to Rule

56(f).  Id.

The issue at the heart of Stericyle's Motion is whether in acquiring the stock of Nicklin,

Stericycle assumed liability for Nicklin's alleged acts of discrimination and retaliation.  Although

neither the District of Columbia Circuit nor the District of Columbia Court of Appeals have

specifically addressed successor liability in the context of Title VII or the DCHRA, several

Federal Circuits take into consideration three principle factors to determine whether liability for a

predecessor's Title VII violations should pass to the successor.[8]  See, e.g., Brzozowski v. Corr.

Physician Servs., 360 F.3d 173, 178 (3d Cir. 2004); Rojas v. TK Communs., 87 F.3d 745, 750

(5th Cir. 1996); Huguley v. General Motors Corp., 67 F.3d 129, 137 (6th Cir. 1995); EEOC v.

G-K-G, Inc., 39 F.3d 740 (7th Cir. 1994); Criswell v. Delta Air Lines, Inc., 868 F.2d 1093 (9th

Cir. 1989); Trujillo v. Longhorn Mfg. Co., Inc., 694 F.2d 221 (10th Cir. 1982); In re National

Airlines, Inc., 700 F.2d 695 (11th Cir. 1983) (discussing these factors including whether the

successor company had notice of the charge or pending lawsuit prior to acquiring the business or

assets of the predecessor).

The EEOC Compliance Manual articulates the factors taken into consideration by courts

in these Circuits:

> [1]  Whether the successor entity had notice of the charge;
> [2]  Whether the predecessor can provide relief;

---

[8]  The District of Columbia Court of Appeals routinely looks to Title VII cases when ruling on appeals under the DCHRA.  See, e.g., Furline v. Morrison, 953 A.2d 344 (D.C. 2008).

[3] Whether the same business operations have continuously been in place:

    [a]   Whether the successor used the same plant, workforce, management, and/or equipment and means of production as the predecessor;

    [b]   Whether the same jobs exist under substantially the same working conditions; and

    [c]   Whether the successor produces the same product.

EEOC Compliance Manual § 2-III(B)(3)(b), available at http://www.eeoc.gov (last visited July 28, 2008).   "The third factor, continuity of business operations, requires a weighing of the criteria listed [in the three sub-parts that folllow the third factor]." Id.  The EEOC Compliance Manual further provides that "[g]enerally, the successor can only be held liable if it had notice of the charge and the predecessor is unable to provide relief." Id. (emphasis in original).

       Stericycle declares that the successor liability doctrine exists "to protect an employee when ownership of her employer suddenly changes," Stericycle's Mem. at 3, and argues that its presence in this lawsuit is unnecessary because "[t]he transaction between Nicklin [] and Stericycle was a stock purchase, and thus, Nicklin [] continues to be a separately incorporated entity" with the ability to satisfy the judgment sought by the plaintiff, id. at 4.  To support its position, Stericycle submits an affidavit from its Vice President of Human Resources, John Matthei. See id., Appendix Tab 1 (Affidavit of John Matthei) ("Matthei Aff.") ¶ 2.  Mr. Matthei attests that "[p]rior to September 2005, Stericycle had no ownership interest or control over Nicklin," id. ¶ 5, and that Stericycle purchased the stock of Nicklin "approximately five months after [the plaintiff's] termination," id. ¶ 8.  According to Mr. Matthei, the amounts paid and issued in notes to Nicklin's principals "exceed the aggregate amount of all averments set forth in [the plaintiff's] prayer for relief." Id. ¶ 11.  Thus, Stericycle insists that the plaintiff cannot establish one of the two factors necessary for successor liability, i.e., "the predecessor's inability

to provide relief to the alleged victim." Response to Opposition to Stericycle's Motion ("Stericycle's Resp.") at 1.

The plaintiff points out in response that because "this action is at the initial pleading stage, there has been no discovery of any kind," Opp'n Stericycle's Mot. at 4, and she therefore lacks the information necessary for her to intelligently respond to Stericycle's Motion. Id. Accordingly, the plaintiff argues that the Court should deny Stericycle's Motion and grant her the opportunity to take discovery. Id. at 5. Among other things, the plaintiff attached to her Opposition as support for her discovery request, a Rule 56(f) affidavit from her attorney. Id., Exhibit A (Rule 56(f) Declaration of Counsel for Gloria Ware) ("Counsel's Aff."). The affidavit notes that this action was removed to this Court before any discovery was conducted. Id., Counsel's Aff. ¶ 1. It also declares that discovery is necessary to determine both Stericycle's awareness of the plaintiff's claims, id. ¶¶ 3-4, and Nicklin's ability to pay the judgment being sought, id. ¶ 11. Further, the affidavit indicates counsel's intention to pursue through discovery the facts relevant to both issues. Id. ¶¶ 3-4, 11-12.

The Court agrees that the plaintiff must be afforded the opportunity to take discovery in regard to both Stericycle's awareness of her claim and the Nicklin defendants' ability to satisfy the judgment sought in this action. The affidavit filed by the plaintiff's counsel sufficiently describes both why discovery is necessary and what counsel hopes to discover. Although the affidavit does not precisely state the exact evidence needed, nor how it will be discovered, it nonetheless satisfies the showing required to grant discovery under Rule 56(f). See Ikossi, 516 F.3d at 1045 (holding that "lack of precision" in 56(f) affidavit does not make nature of the evidence sought "any less self-evident," thus finding summary judgment premature and remanding the case to the district court to allow for discovery). Accordingly, Stericycle's Motion

for Summary Judgment must be denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, defendant Nicklin Associates Inc.'s Motion to Dismiss pursuant to Rule 12(b)(6) will be **DENIED** and defendant Stericycle, Inc.'s Motion for Summary Judgment will be **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** on this 3rd day of October, 2008.[9]

_____

REGGIE B. WALTON
United States District Judge

---

[9] This memorandum opinion accompanies the Order entered on September 30, 2008.